**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

MICHAEL PAUL PUZEY,
        Petitioner,

v.                                              Civil action no. 3:04CV63
                                                 Criminal action no. 3:00CR57
                                                 (Judge Broadwater)

UNITED STATES OF AMERICA,
        Respondent.

## REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On July 26, 2004, the *pro se* petitioner, an inmate at USP Lewisburg, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. By Order entered on August 3, 2004, the Court directed the respondent to answer the motion. On September 1, 2004, the respondent filed United States Response to Petitioner's Motion Made Pursuant to 28 U.S.C. § 2255. On September 20, 2004, the petitioner filed a Reply to Government's Motion in Opposition of Petitioner's Section 2255 Petition-Requesting Leave of this Honorable Court.

This matter, which is pending before me for initial review and report and recommendation pursuant LR PL P 83.15 and the July 27, 2004 Order of Referral issued by the Honorable W. Craig Broadwater, United Stated District Judge, is ripe for review.

**A. Conviction and Sentence**

On April 26, 2001, the petitioner was found guilty by a jury for the Northern District of West Virginia of conspiracy to distribute crack cocaine, four counts of distribution of crack cocaine and use of a firearm during and in relation to a drug trafficking offense. On October 22, 2001, the Court

sentenced the petitioner to life imprisonment on the conspiracy count, 240 months on three of the distribution counts, 480 months on the fourth distribution count and a consecutive five-year sentence of the firearms counts. The petitioner appealed his conviction and sentence.

**B. <u>Appeal</u>**

On appeal, the petitioner argued that the Court erred in instructing the jury regarding his conspiracy liability under the <u>Pinkerton</u> doctrine; the Court failed to require the jury to determine the exact drug amount attributable to him; the Court erred in denying his motion for judgment of acquittal on the conspiracy charge because the evidence was insufficient to support his conviction; the Court erred in enhancing his sentence for his role in the offense; the Court erred in applying the two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice; the sentencing guidelines are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); and the Court erred in denying his motion to produce witnesses at his sentencing hearing.

The Fourth Circuit Court of Appeals found no error and affirmed the petitioner's conviction and sentence. <u>See</u> <u>United States v. Puzey</u>, 73 Fed. Appx. 549, 2003 WL 21905974 (4th Cir. 2003). The petitioner then filed a petition for writ of certiorari which was denied on December 15, 2003.

**C. <u>Federal Habeas Corpus</u>**

In his § 2255 motion, the petitioner raised the following grounds:

(1) Apprendi error issue, total drug quantity was not submitted to a jury and found beyond a reasonable doubt.

(2) Government's improper use of U.S.S.G. §5G1.2(d) "stacking." This allowed the Government to utilize an end-run around Apprendi.

(3) Whether "total punishment" is the "minimum sentence in the guideline range for the total offense level-all counts. District Court erred by imposing a life sentence on Puzey, because where no drug amount found by the jury beyond a reasonable doubt, the statutory maximum sentence that could be imposed

was only 10 years, therefore, even under the doctrine of stacking the District Court could only resentence Puzey to a maximum of 40 years, and even then only if those five applicable 10 years sentences were imposed consecutively, which they weren't.

(4) Sixth Amendment to the Federal Constitution did not permit defendants to receive a penalty greater than they could receive under the facts reflected in a jury's verdict, even if a judge's findings were characterized as sentencing factors.[1]

**Respondent's Contentions**

(1) The petitioner's issues are based upon Blakely v. Washington, 124 S. Ct. 2531 (2004) which does not apply to the Federal Sentencing Guidelines.

(2) The petitioner did not present the issues in his appeal, and thus, they are waived.

(3) The petitioner raised his Apprendi issue on appeal and he cannot raise it again in a collaterally attack.

## II. ANALYSIS

The undersigned finds that grounds one, two and three are based on Apprendi. The petitioner raised his Apprendi claim on appeal and the Fourth Circuit found no violation of Apprendi because the petitioner's life sentence did not exceed the statutory maximum. Because the Apprendi issue has already been raised and decided on direct appeal, this issue can not be reconsidered absent a showing of a change in the law. Davis v. United States, 417 U.S. 333 (1974); Boeckenhaupt v. United States, 537 F. 2d 1182 (4th Cir. 1976).

The petitioner attempts to get around this restriction by relying on Ring v. Arizona, 536 U.S. 584 (2002) and Blakely v. Washington, 124 S. Ct. 2531 (2004). The petitioner also relies on Ring

---

[1] The petitioner asserts that these issues were not raised on appeal because his attorney was ineffective.

and Blakely in ground four of his § 2255 motion.

Ring is a case that extended Apprendi to aggravating factors in capital cases. With regard to state sentencing guidelines, Blakely v. Washington, 124 S. Ct. 2531 (2004) as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." Blakely, 124 S. Ct. at 2537 (citations omitted).

Recently, the Supreme Court has held that Blakely applies to federal sentencing guidelines. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

While the Fourth Circuit Court of Appeals has not ruled on the retroactivity of Booker, other circuits have held that Booker does not apply retroactively to collateral review. See Varela v. United States, 400 F. 3d 864 (11th Cir. 2005); United States v. Price, 400 F. 3d 844 (10th Cir. 2005); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005); Humphress v. United States, 398 F. 3d 855 (6th Cir. 2005); Lloyd v. United States, 407 F. 3d 608 (3d Cir. 2005); Guzman v. United States, 404 F. 3d 139 (2d Cir. 2005). Thus, in accordance with these decisions, the undersigned recommends that the Court find that the petitioner is not entitled to have Blakely or

Booker applied retroactively to his sentence and that his § 2255 motion should be denied.

### III. RECOMMENDATION

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion and dismissing the case from the docket.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

DATE: July 1, 2005

/s/ James E. Seibert
UNITED STATES MAGISTRATE JUDGE
JAMES E. SEIBERT